IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN MOLINA RAMIREZ, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:23-CV-778-N-BK |
| § | |
| HAVERTY FURNITURE COMPANIES, § | |
| INC., § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 27, this case has been referred to the undersigned United States magistrate judge for pretrial management. Before the Court is *Defendant's Motion for Judgment on the Pleadings and Brief in Support*. Doc. 28. For the reasons below, Defendant's motion should be **GRANTED.**

**I. BACKGROUND**

This recitation of the relevant facts is taken from Plaintiff's verified Amended Complaint, Doc. 19. From 2002 to 2022, Plaintiff worked for Defendant as a "merchandiser" at a rate of $18.50 per hour.[1] Doc. 19 at 3-4. The week of December 29, 2019, through the week of July 3, 2022, Plaintiff worked an average of 30 hours, but Defendant's "regular practice" was to avoid paying him for two or three of those hours. Doc. 19 at 4; Doc. 19 at 10-12. Plaintiff also claims that "throughout" his employment, he regularly worked more than 40 hours per week without being paid one and one-half times his hourly rate. Doc. 19 at 4, 7. Plaintiff further contends that

---

[1] Defendant describes Plaintiff's position as "Lift Operator," but this distinction is immaterial to the Court's analysis. *See* Doc. 21 at 4.

underlying Defendant's "widespread, repeated, and consistent [unlawful conduct]," was its alleged failure to keep proper time records.  Doc. 19 at 4-5.

On April 12, 2023, Plaintiff filed this putative collective action, alleging in three counts: (1) willful failure to pay Plaintiff for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"); (2) willful failure to pay Plaintiff overtime wages, in violation of the FLSA; and (3) failure to pay Plaintiff the minimum wage for all regular and overtime hours worked, in violation of the Texas Minimum Wage Act ("TMWA").  Doc. 19 at 6-9.  Plaintiff seeks, among other relief, an unspecified amount of unpaid overtime wages and $7,332.60 in "unpaid wages for all time worked by [him] in individual work weeks."  Doc. 19 at 9-12.  The latter he calculates in a chart included in the body of his Amended Complaint based on an average of 30 hours worked each week from December 29, 2019, to July 3, 2022, less pay for only 27 hours each week, resulting in an alleged pay deficit of $55.55 per week.  Doc. 19 at 10-12.

By the instant motion, Defendant seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Doc. 21; Doc. 28, *passim*.  Plaintiff has filed a *pro se* response,[2] Doc. 31, and Defendant has filed a reply, Doc. 34.  Thus, the motion is ripe for disposition.

## II. APPLICABLE STANDARD

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  "After the pleadings are closed—but within such time

---

[2] On August 22, 2023, subsequent to the filing of the Amended Complaint and Defendant's Answer to the same, Plaintiff's counsel were permitted to withdraw.  Doc. 26.

as not to delay the trial—any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

Rule 12(c) motions are determined under the same standard that governs Rule 12(b)(6) motions. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In essence, the court must determine whether the complaint facially states a plausible, not speculative, claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In doing so, the court thus accepts as true the complaint's well-pleaded factual allegations— but not "conclusory allegations or unwarranted deductions of fact"—and views them in the light most favorable to the nonmovant. *Iqbal*, 556 U.S. at 678; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation and quotation omitted). For this analysis, attachments to the complaint are part of the pleadings. *Collins*, 224 F.3d at 498 (citing FED. R. CIV. P. 12(b)(6)). However, a plaintiff's contradictory, or "internally inconsistent," allegations render the claim at issue "implausible on its face." *Mora v. Univ. of Texas Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012); *Cicalese v. Univ. of Texas Med. Branch*, 456 F. Supp. 3d 859, 872 n.8 (S.D. Tex. 2020) (cleaned up). Moreover, the court need not reconcile contradictory allegations or accept them as true in deciding a motion under Rule 12(b)(6). *Cicalese*, 456 F. Supp. 3d at 872 n.8.

### III. ANALYSIS

The FLSA prescribes a minimum wage requirement (29 U.S.C. § 206) and an overtime pay requirement (29 U.S.C. § 207). The federal minimum wage is $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Further, when an employee works more than 40 hours in a week, he must receive

no less than "one and one-half times the regular rate" for all hours worked over 40. *Id.* § 207(a)(1).

As detailed here, Plaintiff's well-pled allegations fail to establish that he worked overtime, to-wit, more than 40 hours per week, or that he was paid less than minimum wage for the hours he did work. Consequently, Defendant's motion should be granted as to Plaintiff's claims.

### A. Plaintiff's FLSA unpaid overtime claim fails.

Defendant argues that Plaintiff does not "specifically and unambiguously" allege that he worked more than 40 hours in any week during the relevant period (the two years before the lawsuit, or if he can prove "willfulness," the three years before the lawsuit). Doc. 28 at 5-6. Plaintiff generally counters that "irregularities" in his wages have arisen "[i]n the past 10 years," and his former counsel misstated that Plaintiff worked only 30 hours per week. Doc. 31, *passim*. Plaintiff specifically recounts an instance around Thanksgiving one year when he alleges someone "stole" overtime hours from him and other employees. Doc. 31 at 1.

An FLSA claim has three "basic elements": (1) the defendant employed the plaintiff; (2) the work involved interstate activity; and (3) the plaintiff was under-compensated for the work performed. *Glover v. Quality Air Tech., Ltd.*, No. 3:13-cv-4725, 2014 WL 2883893, at *2 (N.D. Tex. June 25, 2014) (Fitzwater, C.J.) (citation omitted). "A claim for unpaid overtime wages must demonstrate that the plaintiffs were employed 'for a workweek longer than forty hours' and that any hours worked in excess of forty per week were not compensated 'at a rate not less than one and one-half times the regular rate.'" *Id.* (quoting 29 U.S.C. § 207(a)(1)).[3]

---

[3] To the extent Plaintiff attempts to bring an overtime pay claim under the TMWA, he lacks legal basis. Plaintiff may not recover unpaid overtime wages under the TMWA, because the TMWA's

As Defendant correctly argues, Plaintiff has failed to state a claim for unpaid overtime wages. Plaintiff's chart in the verified Amended Complaint is properly considered here as part of the pleadings. Review of the same reveals that Plaintiff's unpaid overtime wages claim, at best, relies on "internally inconsistent" allegations. *Compare* Doc. 19 at 4, 7 *with* Doc. 19 at 10-12. Plaintiff alleges that he was regularly scheduled to work more than 40 hours per week throughout his employment, specifically during the three years before this lawsuit. Doc. 19 at 4, 7. However, his chart shows that he worked only an average of 30 hours per week, was paid for 27 of those hours, and is thus owed the difference for every week beginning December 29, 2019, through the week of July 3, 2022. Doc. 19 at 10-12. Notwithstanding that Plaintiff's assertion that his overtime hours were "stolen" is highly incredulous, at bottom, Plaintiff's own evidence clearly belies his assertions that he worked more than 40 hours per week while employed by Defendant. Given this contradiction, Plaintiff's FSLA overtime pay claim is facially implausible. *See Mora*, 469 F. App'x at 299; *Cicalese*, 456 F. Supp. 3d at 872 n.8.

**B. Plaintiff's FLSA claim for "all unpaid wages" and his TMWA claim likewise fail.**

Plaintiff's remaining claims likewise cannot survive dismissal because Plaintiff has failed to provide facts to show that Defendant violated the FLSA's minimum wage requirement during the weeks at issue. *See Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009) (citation omitted); Tex. Labor Code § 62.051 (defining minimum wage as "the federal minimum wage" under 29 U.S.C. § 206). Defendant argues that even if it did not pay Plaintiff for three hours he worked each week, his effective hourly rate of $16.65 for all hours worked

---

plain text limits recovery to unpaid minimum wage as defined by Section 206 of the FLSA, not unpaid overtime wages, which are defined by Section 207. *See* Tex. Labor Code § 62.051.

5

nevertheless exceeded the minimum wage. Doc. 28 at 6-10. Although Plaintiff does not address this argument in his Response, Defendant is correct.

The elements of an FLSA claim for unpaid overtime wages, as explained above, generally apply to an FLSA claim for unpaid minimum wage as well. *See Worsham v. B.G. Prop. Mgmt., LLC*, No. 4:16-CV-2712, 2020 WL 7353906, at *9 (S.D. Tex. Sept. 4, 2020) (citation omitted). But an employee pursuing an unpaid minimum wage claim must establish that the employer failed to pay the employee at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Similarly, to recover unpaid minimum wages under the TMWA, a plaintiff must show that: (1) he or she is or has been employed by the defendant at any time during the two years before the lawsuit was filed; (2) the original petition filed by or on behalf of the plaintiff is verified; and (3) the defendant failed to pay the plaintiff at least the federal minimum wage. Tex. Labor Code § 62.204; Tex. Labor Code § 62.051.

Here, accepting the verified Amended Complaint's well-pleaded allegations as true, they fail to establish that Defendant violated the FLSA's minimum wage provision. As outlined *supra*, Plaintiff alleges in the Amended Complaint that he worked an average of 30 hours per week at $18.50 per hour but was paid for only 27 of those hours. Doc. 19 at 4; Doc. 19 at 10-12. Thus, based solely on Plaintiff's own allegations, his effective pay rate for the weeks in question was $16.65 per hour—more than double the federal minimum wage. Accordingly, Plaintiff's FLSA claim for "all unpaid wages" and his TMWA claim should also be dismissed.

## IV.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, leave to amend is not required when a plaintiff has already pled his "best case." *Id.* at 768. Here, Plaintiff has

already amended his complaint once while counseled and swore under penalty of perjury that the allegations in it were "true and correct." Doc. 18 at 14. Thus, it appears Plaintiff has already alleged his best case, even considering the allegations raised in his Response.

Also, while the Court cannot and has not considered the wage statements/pay stubs filed by Plaintiff subsequent to his Response in determining the <u>merits</u> of the instant motion, as it relates to the issue of the futility of granting leave to amend, the documents are nevertheless telling. Contrary to his contemporaneous protestations to the contrary, the documents Plaintiff contends demonstrate that he was not paid one and one-half times his regular pay rate for overtime hours worked actually show the opposite. *See* Doc. 41 at 6-11. For these reasons, granting leave to further amendment the complaint would be futile and cause needless delay.[4] *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations) (citation omitted).

## V. CONCLUSION

*Defendant's Motion for Judgment on the Pleadings and Brief in Support*, Doc. 28, should be **GRANTED,** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECCOMENDED** on December 7, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Notwithstanding the foregoing, Plaintiff will have the opportunity to proffer plausible, non-frivolous factual allegations, if any, that cure the deficiencies noted herein and thus warrant the grant of leave to amend during the 14-day objection period.

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).